J-S11024-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIC NIGEL TAULTON | |
| Appellant | No. 3636 EDA 2017 |

Appeal from the PCRA Order entered October 20, 2017
In the Court of Common Pleas of Montgomery County
Criminal Division at No: CP-46-CR-0004611-2003

BEFORE: OTT, STABILE, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                          **FILED APRIL 27, 2018**

Appellant, Eric Nigel Taulton, appeals *pro se* from the October 20, 2017 order of the Court of Common Pleas of Montgomery County, dismissing his fifth petition for collateral relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-46. Upon review, we affirm.

The underlying facts and procedural history are not at issue here. Briefly, on September 24, 2004, a jury convicted Appellant of corrupt organizations, criminal conspiracy, multiple counts of criminal use of communication facility, and three counts of delivery of cocaine in an amount of at least 100 grams. On December 8, 2004, the trial court sentenced Appellant to an aggregate term of incarceration of not less than 21 nor more than 42 years. On May 2, 2006, we affirmed the judgment of sentence, and our Supreme Court denied leave to appeal on December 13, 2006.

Subsequently, Appellant filed four PCRA petitions. The PCRA court dismissed each petition, and this Court affirmed each dismissal on appeal. On May 26, 2017, Appellant filed the instant PCRA petition, his fifth. The PCRA court dismissed it on October 20, 2017. This appeal followed.

"[A]n appellate court reviews the PCRA court's findings of fact to determine whether they are supported by the record, and reviews its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014). All PCRA petitions, "including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final" unless an exception to timeliness applies. 42 Pa.C.S.A. § 9545(b)(1). "The PCRA's time restrictions are jurisdictional in nature. Thus, [i]f a PCRA petition is untimely, neither this Court nor the [PCRA] court has jurisdiction over the petition. Without jurisdiction, we simply do not have the legal authority to address the substantive claims." *Commonwealth v. Chester*, 895 A.2d 520, 522 (Pa. 2006) (first alteration in original) (internal citations and quotation marks omitted). As timeliness is separate and distinct from the merits of Appellant's underlying claims, we first determine whether this PCRA petition is timely filed. *See Commonwealth v. Stokes*, 959 A.2d 306, 310 (Pa. 2008) (consideration of *Brady*[1] claim separate from consideration of its timeliness).

---

[1] *Brady v. Maryland*, 373 U.S. 83, 83 S. Ct. 1194 (1963).

At issue here is the timeliness exception set forth in Section 9545(b)(1)(ii), which requires a petitioner to plead and prove two components: 1) the facts upon which the claim was predicated were unknown, and (2) these unknown facts could not have been ascertained by the exercise of due diligence. *See Commonwealth v. Burton*, 158 A.3d 618, 638 (Pa. 2017).

As noted, under the above exception, a petitioner must explain why he could not have learned the new facts earlier with the exercise of due diligence. *See Commonwealth v. Breakiron*, 781 A.2d 94, 98 (Pa. 2001). Due diligence demands the petitioner to take reasonable steps to protect his own interests. *See Commonwealth v. Carr*, 768 A.2d 1164, 1168 (Pa. Super. 2001). This standard, however, does not require "perfect vigilance nor punctilious care, but rather it requires reasonable efforts by a petitioner, based on the particular circumstances, to uncover facts that may support a claim for collateral relief." *Commonwealth v. Shiloh*, 170 A.3d 553, 558 (Pa. Super. 2017) (citation omitted).

Appellant acknowledges that the issue raised in the instant petition (*i.e.*, failure to disclose Commonwealth witness's criminal record qualified as a *Brady* violation) has been previously addressed and decided in connection with his third PCRA petition.[2] Appellant's Brief at 8. Appellant also noted that this Court affirmed the PCRA court's denial of that PCRA petition merely on

---

[2] *See Commonwealth v. Taulton*, No. 3385 EDA 2012 (Pa. Super. filed November 8, 2013).

timeliness grounds (based on Appellant's failure to prove he met the exception at (b)(1)(ii)). Indeed, we noted there was no support in the record for finding that Appellant acted with due diligence to learn about the witness's criminal record. We noted the witness's criminal record was available on Public Access to Court Electronic Records (PACER) and that the information about the witness's conviction in particular had been available since February 13, 2009, approximately 35 months prior to the filing of Appellant's third PCRA petition.[3] We concluded, therefore, that the "unknown facts" exception did not apply. *See Commonwealth v. Taulton*, No. 3385 EDA 2012, unpublished memorandum at 11-12 (Pa. Super. filed November 8, 2013).

Here, in essence, Appellant is relitigating the issue he raised in his third PCRA petition, relying on a new theory to address the timeliness issue that derailed his third PCRA petition. Appellant claims that *Burton* created "a newly discovered evidence exception" to the timeliness requirements. Appellant's Brief at 8. Specifically, according to Appellant, under *Burton*, *pro*

_____

[3] We disagreed with the PCRA court's analysis to the extent it focused on the date Appellant received the information about the witness's criminal record from the private investigator (April 4, 2011) as determinative for purposes of the exception at Section 9545(b)(1)(ii). Indeed, we specifically noted that said date was not dispositive. We also noted that "[i]n order for the PCRA court to have jurisdiction to consider his *Brady* claim, Appellant was required to show that the information regarding [the witness's] conviction could not have been obtained earlier with the exercise of due diligence." *Taulton*, 3385 EDA 2012, at 11 (citing *Stokes*, 959 A.2d at 310). Applying the proper standard, we concluded that Appellant could have learned of the witness's criminal record (including conviction) as early as February 13, 2009, the date on which the judgment against the witness was entered on the docket, as evidenced in PACER. *Id.*

*se* inmates cannot be presumed to have access to information available in the public domain. Applying ***Burton*** in the instant matter, Appellant argues, he exercised proper due diligence in pursuing his claim. The PCRA found Appellant's argument had no merit. We agree.

First, ***Burton*** is inapposite. Even if ***Burton*** recognized a new timeliness exception, as Appellant claims, the new exception is not applicable here because we are not concerned with the ability to access public records. Indeed, even if we were to conclude that Appellant could not have learned of the witness's conviction as early as February 13, 2009, it is clear from the record that Appellant knew about the conviction as of April 4, 2011, the date he received the information from the private investigator. Thus, the instant matter is factually distinguishable from ***Burton***.

Furthermore, regardless of whether he learned of the facts underlying the instant petition in 2009 or 2011, Appellant cannot claim the facts used for purpose of the instant petition were previously unknown to him. Indeed, they were used to support his third PCRA petition. The PCRA court aptly noted:

> In regard to [Appellant]'s claim that the Commonwealth committed a ***Brady*** violation concerning the criminal record and testimony of [witness], it is on the face of the record that this claim does *not* rely upon facts that were previously unknown to [Appellant]. [] Appellant has previously acknowledged discovering the facts underlying this claim as early as April 4, 2011, and said facts formed the basis of the ***Brady*** claim raised in [Appellant]'s third PCRA petition. [Appellant] thus cannot proceed to a review of the merits of his Brady claim pursuant to §9545(b)(1)(ii), as his claim does not rest upon facts that were previously known to him.

PCRA Court Opinion, 12/8/17, at 10.

We agree with the PCRA court's analysis and conclusions. Appellant, therefore, failed to meet the requirements set forth failed to prove "the facts upon which the claim was predicated were unknown." 42 Pa.C.S.A. § 9545(b)(1)(ii).

To the extent Appellant relies on **Burton** for purposes of the exception set forth in Section 9545(b)(1)(iii), said reliance is misplaced. Indeed, we agree with the PCRA court's analysis on this point:

> [Section] 9545(b)(1)(iii) requires that, in order for the facially untimely claim to be eligible for review on the merits, said claim must rely upon a newly-recognized constitutional right that has been held by the court that recognized the constitutional right's existence to apply retroactively. Stated simply, our Supreme Court's opinion in [**Burton**] neither directly holds, nor provides any intimation, that the Court is recognizing any new constitutional right that is to be applied retroactively.

PCRA Court Opinion, 12/8/17, at 10-11.

Finally, Appellant is not entitled to relief on another ground: as noted, the issue raised here has been previously litigated. **See** 42 Pa.C.S.A. §§ 9543(a)(3), 9544(a)(3).

For the foregoing reasons, we affirm the order of the PCRA court denying Appellant's fifth PCRA petition.

Order affirmed.

Judge Musmanno joins this memorandum.

Judge Ott concurs in the result.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 4/27/18